# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| | **CIVIL ACTION NO.:** |
| | **1:18-cv-0063** |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| **MPW INDUSTRIAL SERVICES, INC,** | |
| Defendant. | |
| | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action against MPW Industrial Services, Inc., pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Derick D. Ziegler ("Ziegler") and Tyler J. White ("White") who were adversely affected by such practices. As alleged in paragraph twelve below, the Commission alleges that MPW subjected Ziegler and White to a racially hostile work environment, because of their race, African American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Cincinnati Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, MPW Industrial Services, Inc. ("MPW"), at all relevant times has been a company doing business in the State of Ohio, and has continuously had at least fifteen (15) employees.

5. At all relevant times, MPW has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, an EEOC Charge of Discrimination was filed by Tyler White and Derick Zeigler alleging violations of Title VII.

7. On August 8, 2017, the Commission issued to Defendant two Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide the opportunity to remedy the discriminatory practices described in the Letters of Determination referenced above in Paragraph 7.

9. The Commission was unable to secure from Defendant a conciliation agreement that was acceptable to the Commission.

10. The Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Tyler White ("White") and Derick Zeigler ("Zeigler") are both African Americans. MPW hired White on or about May 19, 2016. MPW hired Zeigler almost two week earlier on May 9, 2016. During their employment MPW

subjected them both to a racially hostile work environment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a):

      a.    MPW subjected White to a racially hostile work environment that included, but was not limited to racial epithets, jokes and comments from co-workers and supervisors, and two separate hangman-noose incidents, with one hangman's noose being placed around White's neck. Despite White's repeated complaints about the racially hostile environment, MPW took no or insufficient action to rectify the harassment in violation of Title VII.

      b.    MPW subjected Zeigler to a racially hostile work environment that included but was not limited to racial epithets, jokes and comments from co-workers and supervisors, a hangman noose incident, and refused access to a break-room because it was stated a Klu Klux Klan meeting was being held. Despite Zeigler's repeated complaints about the racially hostile environment, MPW took no or insufficient action to rectify the harassment in violation of Title VII.

13.    The effect of the practices complained of in paragraph 12 above has been to deprive White and Zeigler of equal employment opportunities and to otherwise adversely affect their employment status because of their race.

14.    The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to White's and Zeigler's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining MPW, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race.

B. Order MPW to institute and carry out policies, practices, and programs which effectuate the equal treatment of its employees in the terms and conditions of their employment and which eradicate the effects of its past and present unlawful employment practices based on race.

C. Order MPW to make whole Zeigler and White by providing them compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above in amounts to be determined at trial.

D. Order MPW to make whole Ziegler and White by providing them compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

E.      Order MPW to pay Ziegler and White punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

*s/ Kenneth L. Bird*
Kenneth L. Bird
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office

*s/ Kenneth W. Brown*
Kenneth W. Brown
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr. Place
Suite 268
Louisville, KY 40202

Phone: 502-582-5440
Fax: 502-582-5437
email: Kenneth.Brown@eeoc.gov

*s/ Aarika Mack-Brown*
Aarika Mack-Brown
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: 317-226-7228
Fax: 317-226-7953
Aarika.Mack-Brown@eeoc.gov