UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MPW Industrial Services, Inc., ) <br> ) <br> Defendant ) <br> ) <br> ) | Case No.: 1:18-cv-00063-TSB <br> Judge Black <br> CONSENT DECREE |

## **CONSENT DECREE**

The United States Equal Employment Opportunity Commission (the "EEOC" or "Commission") commenced this action against MPW Industrial Services, Inc. ("MPW") pursuant to Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 ("Title VII"). The EEOC's complaint alleged MPW engaged in unlawful employment practices on the basis of race and sought to provide appropriate relief to Tyler White and Derick Zeigler. MPW denies these allegations.

The Commission and MPW stipulate to the Court's jurisdiction over the parties. Further, the Commission and MPW desire to resolve Civil Action No. 1:18-cv-00063-TSB without the burden and expense of further litigation. As a result, and based on the pleadings and the record as a whole, the Court finds that: [i] the Court has jurisdiction over the parties and the subject matter of this action; and [ii] the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree, and (iii) this Consent Decree resolves all issues and claims in controversy in this lawsuit between the EEOC and MPW as provided in paragraphs 1

through 14 below.

**IT IS THEREFORE ADJUDGED, ORDERED AND DECREED** as follows:

1. This Decree resolves all issues and claims of racial harassment or racial discrimination in terms and conditions of employment alleged or that could have been alleged in the Complaint filed by the EEOC in this Title VII action, which emanated from the Charges of Discrimination filed by Mr. White and Mr. Zeigler, EEOC Charge Numbers 473-2016-01203 and 473-2016-01202, respectively. The EEOC expressly reserves its right, however, to process and litigate any other charges which may currently be pending or in the future may be filed against MPW.

2. MPW shall not engage in unlawful employment practices to include racial harassment.

3. MPW shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991.

4. MPW shall pay the total sum of One Hundred and Seventy Thousand Dollars ($170,000.00) to Tyler White and Derick Zeigler and in the following amounts:

| | |
|---|---|
| **Tyler White** | **$85,000.00** |
| **Derick Zeigler** | **$85,000.00** |

Addresses for Mr. White and Mr. Zeigler will be delivered to MPW by the EEOC. The check for

Tyler White shall be made out to Tyler White and Dean A. Pisacano, Esq. MPW shall affect payment by issuing checks by certified mail in the amounts specified and to the addresses identified within ten business days of the Court's execution of this Consent Decree and the EEOC mailing to MPW Release Agreements executed by Tyler White and Derick Zeigler. MPW will not withhold any amounts from the payment as the entire amount is designated as non-wage, compensatory or punitive damages. MPW shall distribute an appropriate Form 1099 to Mr. White, Mr. Zeigler and Mr. Pisacano. Mr. White and Mr. Zeigler shall be responsible for their share of tax consequences as a result of receiving these payments.

5. MPW shall provide a copy of the checks and proof of its delivery (<u>signed certified mail receipt</u>) to the EEOC Indianapolis District Consent Decree Monitoring Team ("EEOC INDO Monitoring") via electronic mail to Monitoring-eeoc-INDO@eeoc.gov within thirty calendar days of mailing.

6. The term of this Decree shall be for thirty-six (36) months from and after the date of its entry by the Court. During that time, the Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purpose of the Decree.

7. Within one hundred twenty days of the entry of this Decree, MPW shall implement and disseminate to its existing employees, and begin disseminating to new hires of MPW, a revised anti-harassment policy. Within ten days of the implementation and dissemination of the new policy, Defendant will provide a copy of the policy and certification to EEOC INDO Monitoring (as identified in Paragraph 5) that the same has occurred. The Policy shall include the requirements of the federal equal employment laws prohibiting race discrimination, the

procedure for reporting discrimination, and the prohibition against retaliation for reporting or opposing discrimination. The policy shall further include at minimum: (i) a statement encouraging employees to report incidents of harassment through convenient, confidential, and reliable mechanisms; (ii) broad dissemination of a 24-hour toll-free telephone number for reporting incidents of harassment; (iii) a statement that reports of harassment can be made to the company's (800) number or to the legal department, with contact information provided; (iv) a requirement that once a harassment report has been made, an investigation of the possible harassment will be conducted; and (v) a requirement that any individual who engages in prohibited harassment, fails to cooperate in a harassment investigation, or retaliates against a person who reports or complains about harassment or participates in a harassment investigation be appropriately disciplined.

8.  Within ten days from the date of entry of this Decree, and for the duration of the term of this Decree, Defendant shall post in a place where notices to all MPW employees customarily are posted, to include MPW's electronic intranet, the Notice attached hereto as Exhibit A. Should said Notice be marred or defaced, a legible copy shall be substituted.

9.  MPW shall submit periodic reports to the Commission detailing its compliance with this Decree. MPW shall submit five (5) semi-annual reports during the term of this Decree. The first report shall be due six (6) months after the entry of this Decree, and the subsequent reports shall be submitted no later than the final day of the sixth month after the preceding report, except that the final report shall be due no later than five (5) months prior to the expiration of the Decree.

   a.  Each semi-annual report shall include the following information for the

period preceding the report: [i] the name, home address and home telephone number of any MPW employee who filed a complaint or grievance alleging race discrimination pursuant to MPW's policy as outlined in paragraph 7(iii) above; [ii] the nature of the complaint and the corrective action taken, if any; [iii] racial harassment investigations undertaken, the results of the investigations, and any corrective actions taken; and [iv] (first semi annual report only) a certification by MPW that the Notice (attached as Exhibit A) was posted as described in Paragraph 8 above.

    b.    All reports shall be directed to the EEOC INDO Monitoring via electronic mail to Monitoring-eeoc-INDO@eeoc.gov.

10.    Within one hundred and eighty (180) calendar days of the date of the entry of this Decree, MPW shall provide anti-harassment training programs to all employees, including management and supervisory, who were assigned to the DP&L Aberdeen, Ohio location from May 1, 2016 through September 30, 2016. The anti-harassment training shall further be provided to all new MPW hires within 180 calendar days of their hire date with MPW. Within sixty days after the entry of this Decree, MPW shall provide the Commission with a roster of current MPW employees who were assigned to the DP&L Aberdeen, Ohio facility during the period of May 1, 2016 through September 30, 2016. These training programs shall provide an explanation of the rights and responsibilities of employees under the Policy. These training programs shall further include an explanation of the prohibition against retaliation for any employees reporting discrimination.

Within two hundred (200) calendar days after the entry of this Decree, MPW shall certify to the Commission that the required training has taken place and shall provide the

Commission with a roster of all employees who received the training. All reports shall be sent to the attention of EEOC INDO Monitoring via electronic mail to Monitoring-eeoc-INDO@eeoc.gov.

11. If at any time during the term of this Consent Decree, the Commission believes that a violation of this Decree has occurred, it will, prior to exercising any remedy provided by law, provide written notice to MPW and its attorney specifically identifying the alleged violation(s). MPW will have twenty calendar days or any additional period which may be agreed to by the parties in which to investigate and respond to the allegation. Thereafter, the parties will have a period of twenty calendar days, or any such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation before the Commission exercises any remedy provided by law. If the parties are unable to reach a mutual resolution, the Commission may petition the Court for enforcement of the Consent Decree. The Court may impose fees and costs upon MPW as it finds appropriate.

12. This Consent Decree shall bind any subsequent successor, purchaser, assign or transferee of MPW. MPW will provide prior written notice to any potential purchaser of its business, or purchaser of all or substantially all of its assets, and to any other potential successor, of the existence and contents of this Consent Decree. MPW shall provide notice to the EEOC of a potential sale the company, but the EEOC shall have no ability to object to or input into the sale or potential sale.

13. The Commission and MPW shall each bear its own costs and attorney fees except as provided in Paragraph 11.

14. **RETENTION OF JURISDICTION BY COURT**: The Court will retain jurisdiction of this

cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**SO ORDERED:**

____10/23/18____         _Timothy S. Black_
Date                                             Judge, United States District Court

**COPIES TO:**

Kenneth W. Brown
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Louisville Area Office, Suite 268
Dr. Martin Luther King Jr. Place
Louisville, Kentucky 40202-2285
Tel.  (502) 582-5440
Fax  (502) 582-5437

                                          And

Meghan Hill
SQUIRE PATTON BOGGS, LLP
2000 Huntington Center
41 High Street
Columbus, OH 43215

Kristine Woliver
SQUIRE PATTON BOGGS, LLP
2000 Huntington Center
41 High Street
Columbus, OH 43215

EXHIBIT A

# EMPLOYEE NOTICE

**Posted Pursuant to a Consent Decree with the**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Cincinnati Area Office**

### NOTICE OF NON-DISCRIMINATION POLICY

This Notice is being distributed and posted pursuant to a Court Order MPW Industrial Services, Inc. ("MPW") and the United States Equal Employment Opportunity Commission (EEOC).

Federal law requires that there be no discrimination nor harassment against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (over 40), disability, or genetic information.

Federal law also prohibits employers from discriminating against employees or applicants in all aspects of employment, including, but not limited to, hiring, promotion, discharge, pay, job training and fringe benefits. Federal law further requires an employer to provide a workplace free of harassment.

MPW supports and will comply with such Federal law in all respects and will not take any actions against employees because they have filed a charge of discrimination with the EEOC, reported an alleged violation under the law to the EEOC, or have given testimony, assisted or participated in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

Any candidates for employment or employees of MPW who believes they are a victim of illegal employment discrimination should communicate their concerns as provided by MPW policy. Any candidate for employment or employee who believes they are a victim of illegal employment discrimination may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**
**Equal Employment Opportunity Commission**
**John W. Peck Federal Building**
**550 Main Street, Suite 10019**
**Cincinnati, OH 45202**
**Telephone: (513) 684-3967**
**EEOC 800 # 1-800-669-4000**
**TTY (513) 246-0218**